AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __NEW YORK__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| NARCISCO VELOZ | Case Number: CR-05-870(arr) |
| | USM Number: 63755-053 |
| | JORGE GUTTLEIN, ESQ |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s) __one of the indictment.__

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 952(a) 960(b)(3) | IMPORTATION OF HEROIN. | 10/27/2005 | ONE |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/10/2006
Date of Imposition of Judgment

_Allyne R. Ross_
Signature of Judge

ALLYNE R. ROSS     U.S.D.J.
Name of Judge     Title of Judge

7/10/2006
Date

DEFENDANT: NARCISCO VELOZ
CASE NUMBER: CR-05-870(arr)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

TWENTY FOUR (24) MONTHS.

☑ The court makes the following recommendations to the Bureau of Prisons:

THAT THE DEFT BE HOUSED AT THE OTISVILLE FACILITY OR FORT DIX.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____ .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 9

DEFENDANT: NARCISCO VELOZ
CASE NUMBER: CR-05-870(arr)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

THREE (3) YEARS.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL SUPERVISED RELEASE TERMS

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 3A — Supervised Release

DEFENDANT: NARCISCO VELOZ
CASE NUMBER: CR-05-870(arr)

ADDITIONAL SUPERVISED RELEASE TERMS

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY.

DEFENDANT: NARCISCO VELOZ
CASE NUMBER: CR-05-870(arr)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☑ Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

1

      1      THE COURT: The only apparent guidelines dispute
      2  concerns the base offense level. Defendant, a courier of
      3  heroin, imported an estimated 876.9 grams net weight of
      4  heroin. Defendant contends that in lieu of base 30 for
      5  offenses involving seven hundred grams to one kilogram of
      6  heroin, it would be more "equitable" to fix defendant's base
      7  offense level at 28 for offenses involving four hundred to
      8  seven hundred grams. I do believe that instances where the
      9  amount of narcotics is estimated, as here, in the case of
    10  ingested pellets of narcotics, an estimated net weight that is
    11  only marginally over a cutoff should be treated as within the
    12  lesser offense level rather than greater. Here, however, I
    13  cannot say that the differential is marginal. The estimated
    14  net weight of the heroin the defendant carried exceeds the
    15  cutoff my approximately 177 grams. There is no reasonable
    16  likelihood that the estimated net weight exceeded the actual
    17  net weight by so great an amount. Accordingly, I accept the
    18  guidelines in the presentence report and conclude that the
    19  defendant is at a level 21, criminal history category one,
    20  carrying a range of imprisonment under the advisory guidelines
    21  of 37 to 46 months.
    22      However, I do believe this is a case where a
    23  constellation of circumstances in combination, sets
    24  defendant's case outside of the heartland of drug courier
    25  cases, warranting a moderate departure from the advisory

1  guidelines. That is to a term of 24 months imprisonment.
2        Initially, I believe the defendant's conduct in
3  committing the instant offense constitutes aberrant behavior
4  within the meaning of 5(k)2.20.
5        First, as the relevant terms have been interpreted by
6  circuit case law, the conduct underlying the charge of
7  conviction in this case constitutes a single criminal
8  transaction within the meaning of the guideline and that
9  transaction was committed without significant planning and was
10 of limited duration.
11        Specifically, Mr. Veloz was recruited to act as a
12 drug courier only three days before his return from the
13 Dominican Republic.  Cruz, the contact of the drugs source,
14 prepared defendant for the trip by administering a swallowing
15 test before giving him the prepared pellets and instructing
16 him what to do upon his return. There is no evidence that
17 defendant knew the type or quantity of the drug ingested or
18 that he participated in any greater scheme to import drugs
19 into the United States.
20        That the single criminal transaction incorporates a
21 series of acts does not disqualify it from consideration under
22 the guideline and its duration is far shorter in time periods
23 found "of limited duration" within the meaning of the
24 guideline.
25        United States versus Gonzales, 281, F. 3d, 38, 47 to

48, Second Circuit 2004. Certainly, absence of spontaneity does not establish the defendant's offense was not an aberration.

See United States v Gonzales and United States v Castellanos.

Nor am I persuaded by the government's argument that because the defendant could have been convicted of a narcotics offense involving a five year mandatory minimum. Defendant is disabled from consideration under the guidelines by the guideline comment note one. The note explicitly refers not to defendant's conduct generally, but to the "offense of conviction". Defendant's offense of conviction did not provide for a mandatory minimum. Hence, under the plain meaning of the language in the guideline note, defendant is not precluded from the departure.

Further, I believe defendant's conduct represents a marked deviation from an otherwise law biding life. There is no evidence that defendant was ever engaged in any other criminal activity, nor is there any evidence that he was ever involved in any form of drug activity or drug use. To the contrary, the record documents a lengthy and consistent work history, as well as a commendable commitment to raising a family and supporting his and his wife's four children.

See, for example, United States v Pena. 930, F 2d, 1486, at 1495, Tenth Circuit, 1991, affirming departure in

1  part for aberrant behavior in courier cases, writing in part,
2  "Pena's behavior was an aberration from her usual conduct,
3  which reflected long term employment, economic support of her
4  family, no abuse of controlled substances and no prior
5  involvement in distribution of such substances."
6      Moreover, most, if not all of the factors noted in
7  Application Note 3 as circumstances to consider in applying
8  the guideline indicate that a departure for aberrational
9  behavior is appropriate in this case.
10     Defendant's motivation for committing the instant
11 crime, albeit are pecuniary, was apparently born of some
12 desperation to secure funds to support his family.
13     After arriving in the Dominican Republic, for a visit
14 with his wife and four children, defendant found it necessary
15 to borrow almost fifteen hundred dollars from a loan-shark
16 incurring further debt as a result of the interest charged.
17 Defendant's sister corroborated that the defendant is also
18 indebted to others in the Dominican Republic.
19     The government is correct that defendant and his wife
20 were both employed prior to defendant's arrest, each earning,
21 approximately, three hundred dollars weekly.  They not only
22 supported themselves by these earnings, but also sent five
23 hundred dollars monthly to the Dominican Republic for the
24 support of their four children, who are being cared for by a
25 maternal aunt, who is herself unemployed. Although the

1   government is also correct the defendant owns a home in the
2   Dominican Republic, valued at about eleven thousand dollars
3   five hundred dollars, this is the home in which defendants
4   four children live. As such it's not an asset which defendant
5   is free to liquidate to supplement his family's support. There
6   is nothing in the record before me to suggest that defendant
7   committed the instant offense for any reason other than to
8   raise money to support his family.
9            Further, although defendant manifested no mental or
10  emotional instability generally, the financial pressures upon
11  him motivating his offense undoubtedly took their toll on
12  defendant emotionally.
13           As to his employment record, defendant now age 39 has
14  been steadily employed for the past 30 when he withdrew from
15  school at the age of nine to help support his parents and
16  family. Defendant's work history, as documented in the
17  presentence report, includes some ten years as a farm hand in
18  Santa Domingo, followed by four years as a carpenter's helper,
19  and five years clearing fields for the Dole Pineapple Company,
20  also in the Dominican Republic.
21           For approximately a six year period, defendant did
22  what he described as whatever work was available.  Following
23  this, in 1999, he worked as a carpet installer in New York
24  City for three years, and then as a factory worker in New
25  Jersey for one to two years and then as a store cleaner.  From

2003 until his arrest in October of 2005, he worked in a sewing work shop and for the 12 years preceding his arrest, he simultaneously worked a second seasonal job as a street vendors.

Given the defendants life circumstances and extremely limited education, his employment history is an impressive one. Defendant also made efforts to mitigate his offense following his arrest and honestly recounted to law enforcement the details of his criminal conduct.

For all of these reasons, I consider defendant's offense an aberration, a limited, one time deviation from an otherwise focused, positive and law biding life and employment and devotion to family. Another circumstances warranting a departure is the need of defendant's family for financial support. The government is correct that the children's maternal aunt is currently functioning as their care giver. Following defendant's arrest, defendant's wife apparently continued to support the children to some extent on her salary.

However, as indicated in defendant's submission and as today accepted as accurate factually by myself and by the government, her health has recently deteriorated and she is applying for disability benefits, a development which severely constricts her ability to help support the children financially.

HENRY SHAPIRO      OFFICIAL COURT REPORTER

1          Finally, although the government is correct that the
2    defendant's siblings have been supportive of defendant and
3    even pooled their resources to pay for his legal fees, the
4    presentence report recitation of the financial circumstances
5    of those siblings does not support the inference that they
6    could also support defendant's children for a 37 month period.
7    The defendant's siblings described in the presentence report
8    all appear to have relatively low paying jobs, if any, and
9    most have three to four children of their own. The record
10   evidence does not support the conclusion that their emotional
11   support can or will be accompanied by financial support
12   sufficient to meet the most basic needs of defendant's four
13   children.
14          As noted, even if neither ground independently
15   warranted a departure under the advisory guidelines, I
16   conclude that the combination of grounds stated clearly
17   warrants a departure, particularly since the extent of
18   departure that I will grant is limited to a jail term
19   amounting to two thirds of the defendant's advisory
20   guidelines.
21          Finally, even if the guideline departure were not
22   warranted in this case, I would reach the same result by
23   application of the statutory sentencing factors. In view of
24   matters already discussed, my assessment of the nature and
25   circumstances of the offense and the history and

1 characteristics of the defendant compel the conclusion that a
2 term of 24 months is of sufficient but no greater severity
3 than necessary to accomplishing statutory goals of sentencing.
4 　　　　In this regard, I note that this is the prison term
5 independently recommended by the probation department for the
6 reasons that have been expressed in support of that
7 recommendation.
8 　　　　Accordingly, I sentence Mr. Veloz to the custody of
9 the Attorney General for a period of 24 months to be followed
10 by a three year a period of supervised release with the
11 special condition, if excluded, he is not to re-enter the
12 United States illegally. I prohibit the possession of a
13 firearm. I make the finding that he is unable to pay a fine,
14 but I impose a mandatory $100 special assessment.
15 　　　　Are there any open counts?
16 　　　　MR. DURHAM: Yes, your Honor. The government moves
17 to dismiss Count Two of the indictment, which is still open.
18 　　　　THE COURT: Motion granted.
19 　　　　Is there any requested designation?
20 　　　　MR. GUTLEIN: Obviously, his family lives in the
21 metropolitan area, I request the camp at Otisville or Fort
22 Dix, because he has a detainer--
23 　　　　THE COURT: I'm sorry, you don't think he'll be
24 eligible?
25 　　　　MR. GUTLEIN: For a camp, but for a low in that he

1 has detainer--

2 THE COURT: Your request is Fort Dix --

3 MR. GUTLEIN: Or Ottisville.

4 THE COURT: That is fine.

5 Mr. Velos, there are circumstances in which a
6 defendant may appeal the sentence. I don't know if that will
7 apply in your case. You discuss that with your lawyer. If you
8 choose to appeal a notice of appeal must be filed within ten
9 days, and if you could not afford representation, a lawyer
10 would be appointed to represent you.

11 MR. GUTLEIN: Your Honor, I would say his family
12 would have loved to be here. I thank you very much and I
13 thank you on behalf of my client.

14 MR. DURHAM: Thank you, your Honor.

15 \*\*\*\*\*\*

HENRY SHAPIRO          OFFICIAL COURT REPORTER